Opinion issued February 26, 2015



In The

# Court of Appeals
For The
# First District of Texas

————————

## NO. 01-14-00548-CR

————————

**MANUEL ALCOSER, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 437th District Court**
**Bexar County, Texas**
**Trial Court Cause No. 2011-CR-5943**

---

## MEMORANDUM OPINION

Appellant, Manuel Alcoser, Jr., pled guilty to the offense of robbery with an agreed recommendation as to punishment. The agreement involved a sentence of five years' community supervision. The State later moved for adjudication, alleging multiple violations of the terms of appellant's community supervision. The State

alleged Alcoser (1) used an illegal substance (marijuana), consumed alcoholic beverages, and failed to submit to urinalysis testing on several occasions; (2) failed to pay fines; (3) failed to complete 160 hours of community service; (4) failed to report to his supervision officer for the months of August and September 2013; (5) committed the offense of evading arrest; and (6) committed the offense of assault. Appellant pled true to the alleged violations of possession of marijuana and committing the offenses of evading arrest and assault, and the State waived the remaining violations. Appellant here appeals from the trial court's judgment revoking appellant's community supervision.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of

error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed us that he has delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (explaining that frivolity is determined by considering whether there are "arguable grounds" for review); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (reviewing court must determine whether arguable grounds for review exist); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We note that the judgment includes attorney fees. There is no evidence in the record to indicate Alcoser's financial circumstances materially changed after the trial court initially found him to be indigent and appointed counsel to represent him. We conclude that the evidence is insufficient to support the order requiring appellant to pay attorney fees for his court-appointed defense counsel. *See Jones v. State*, 428 S.W.3d 163, 171–2 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Therefore, we modify the judgment to remove the portion stating "plus attorney fees."

We affirm the judgment of the trial court as modified and grant counsel's motion to withdraw.[1] Attorney Michael Robbins must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).